[No. 4943. Decided July 14, 1904.]

RICHARD O'CONNELL et al., Respondents, v. CHARLES BAKER et al., as the Board of County Commissioners, etc., Appellants.[1]

COUNTIES AND COUNTY OFFICERS—DRAINAGE DISTRICTS—ESTABLISHMENT—PETITION SIGNED BY COUNTY—CONFLICTING DUTIES OF COUNTY COMMISSIONERS—DISQUALIFICATION. A board of county commissioners cannot be permanently enjoined from entertaining a petition for the establishment of a drainage district, because the county and the chairman of the board, on behalf of the county, signed the petition praying for the establishment of the district, since a subsequent board could not be thereby disqualified; neither is the present board disqualified because the

[1]Reported in 77 Pac. 678.

statute may have imposed conflicting duties upon the board, since the power to act is expressly conferred by the statute, and the members of the board, as individuals, are not interested in the result.

Appeal from a judgment of the superior court for King county, Hon. William H. Brinker, Judge · pro tempore, entered May 13, 1903, upon overruling a demurrer to the complaint, enjoining the county commissioners from entertaining a petition to establish a drainage district; and, also, from an order entered July 6, 1903, adjudging that the defendants had violated said judgment. Reversed.

*Ballinger, Ronald & Battle,* for appellants.

*George McKay* and *Preston, Carr & Gilman,* for respondents.

FULLERTON, C. J.—On April 30, 1903, after due notice given as required by statute, Allen Clark and others presented a petition to the board of county commissioners of King county, praying for the organization into a drainage district of certain territory particularly described in the petition. Among the signatures to the petition was the following: "Charles Baker, chairman of board of commissioners, owner of 4½ acres in proposed district." The petition, however, was signed by persons owning a majority of the acreage of the proposed district without including the four and one-half acres here mentioned. On the day fixed for the presentation of the petition to the board, the respondents appeared before that body and moved a dismissal of the petition, on the grounds, as stated in the motion, that the board had no jurisdiction to hear the petition, and was interested in the result, and therefore disqualified to hear the same. This motion was overruled by the board, whereupon the respondents brought

this action to enjoin the board from proceeding further with the matter.

The complaint sets out the proceedings had up to that time, copying the petition for the establishment of the drainage district in full, showing the signature of Charles Baker thereto, and avers: "That the said board is a party petitioner in the said petition, and is a party interested in the granting of the said petition, and has, as such board, requested and petitioned itself to grant the prayer of such petition, and the said Charles H. Baker, as chairman of said board, and by direction of said board, and on behalf of said board, signed the said petition." The complaint concluded with pertinent allegations showing the interest of the complainants in the subject-matter of the petition. A general demurrer to the complaint was interposed by the appellants, and overruled by the court, a judge *pro tempore* presiding. The appellants then refused to plead further, whereupon the court entered a judgment forever restraining and enjoining them from proceeding further with the organization of the drainage district, or from taking any further steps or proceedings therein.

Immediately after the entry of the judgment, another petition for the establishment of a drainage district was prepared and presented to the board of county commissioners. This petition was precisely like the first one, with the exception that it was not signed by Charles Baker. The board was proceeding to take action thereon, when the respondents instituted proceedings against them to restrain them from so doing, before the attorney, sitting as judge of the court, who presided as judge *pro tempore* in the original action. Objection was made to the attorney hearing the cause as judge, this motion was overruled, and afterwards an order was entered holding the mem-

bers of the board to be acting in violation of the original injunction. This appeal is from both the original judgment, and the order adjudging the commissioners to have violated the same.

From the foregoing statement, it will be observed that the complaint does not make it clear just what matter it was thought disqualified the board of county commissioners from entertaining the petition for the establishment of the drainage district, but the parties in their briefs have interpreted it to mean that the county of King owned the four and one-half acres of land, mentioned in connection with the signature of Charles Baker, and that Baker, as chairman of the board, was petitioning on behalf of the county, and it is in this manner we shall interpret the complaint. The question presented, then, is this: Is a board of county commissioners forever disqualified from entertaining a petition for the establishment of a drainage district, because the county of which they are commissioners owns land in the proposed drainage district, and the chairman of such board, on behalf of such county, has signed a petition praying for the establishment of the district? It would seem that to state the proposition was to refute it. The only possible ground upon which the disqualification could be urged against the existing board is that they, by the signature of their chairman, became parties to the proceedings, and to subsequently sit in judgment on the petition would be to become judges in their own cause. But if it were conceded that this fact disqualified the present board, it could hardly be successfully contended that this taint would follow the office, and forever disqualify any subsequent board from entertaining such a petition. The judgment appealed from would therefore have to be reversed because too sweeping in its terms, if for no other reason.

But we think it wrong as applied to the present board and the present petition. The allegations of the complaint, when given their broadest signification, simply present a case where the board of county commissioners as officers may be said to be charged with conflicting duties. As county commissioners they are charged with the conduct of the business of the county, and are the conservators of its property, and it is their duty to act in reference thereto so as to best subserve and protect the interests confided to their charge. As county commissioners the law has vested in them certain powers, and put upon them certain duties, with reference to the establishment of drainage districts, among which is the power and duty to determine whether the proposed drainage system "will be conducive to the public health, welfare and convenience, increase the public revenue, and be of special benefit to the majority of the lands included within the boundaries of said proposed district," and it is their duty to act in that behalf, also, so as to best subserve the interests intrusted to them. In a case, therefore, where the county owns real estate in a proposed drainage district, it might be to the best interests of the county, considered with reference to such property, to establish the district, while its establishment might not be conducive to the public health, welfare or convenience, or subserve any public interest whatsoever; and, in the sense that the commissioners have the power to pass upon both of the questions, their duties are conflicting. But this is not a sufficient reason for denying them the right to act. The power to act in each instance is conferred upon them by express legislative enactment, and to deny them the right is to deny to the legislature the power to confer on them the right. We think the power of the legislature in this

respect is not to be questioned, and this being so, it is not within the province of the court to interfere with their exercise of it.

The case of *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 40 L. R. A. 317, 67 Am. St. 706, cited and relied upon by the respondent, is not in conflict with these principles. In that case a certain member of the board, who proposed to sit as judge of the cause, had a personal interest in its result, and had publicly announced, in advance of the trial, what his judgment was going to be. In the case before us there is no allegation that the members of the board as individuals have a personal interest in the result, and they cannot, in any sense, be said to be judges of their own cause. It is not their own cause they are adjudicating, but the cause of the public, and the maxim that no one can be a judge in his own cause does not apply.

It was strenuously argued that the judge *pro tempore* in the original case had no right to sit in judgment of the subsequent proceedings, but as the conclusion reached in the main case must dispose of the subsequent proceedings, even if a valid order, we expressly refrain from deciding the point.

The judgment and order appealed from are reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.